IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CARRAWAY, | ) |
| Plaintiff, | ) 09-372 |
| vs. | ) |
| BOROUGH OF WILKINSBURG, | ) |
| Defendant. | ) |

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Plaintiff claims that Defendant, his former employer, violated the ADA by discharging him from his position as police officer. Plaintiff seeks damages for breach of contract, and violations of the Pennsylvania Human Relations Act, 43 Pa.C.S.C. § 955(a) et seq., and the Americans with Disabilities Act, 42 U.S.C. § 121129a). Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, a Motion for Summary Judgment.[1]

For the following reasons, the Motion to Dismiss will be granted, and Plaintiff will have the opportunity to amend his Complaint.

### OPINION

**A. Applicable Standards**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling a motion for failure to

---

[1] Defendant moves, in the alternative, for summary judgment. Its Motion, however, does not rely on matters outside the pleadings. Converting the Motion into one for summary judgment is therefore unnecessary.

state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666.  Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).  A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility...." Id.

## B. Defendant's Motion

Defendant challenges Plaintiff's claim that he was regarded as having an impairment that substantially limited him from working.  In particular, Defendant argues that Plaintiff has not pleaded that he was regarded as disqualified from a class or broad range of jobs, as required by applicable standards, rather than from one particular job.[2]

Relevant here, a person is "regarded as" having a disability under the ADA if he has no impairment that substantially limits a major life activity, but is treated by defendant as having such an impairment. Eshelman v. Agere Sys., 554 F.3d 426, 434 (3d Cir. Pa. 2009).  As Plaintiff points out, a "'regarded as' claim turns on the employer's perception of the employee and is therefore a question of intent...." Id. at 434.  In addition, an individual may prevail under the ADA on a "record of impairment" theory if he has "a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 28 C.F.R. § 35.104.  Working constitutes a "major life activity." Eshelman, 554 F.3d at 434.

When the major life activity at issue is working, as in this case, "the statutory phrase

---

[2]Because I dispose of the ADA claim on these grounds, I do not address the remainder of Defendant's arguments.

'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs," or, in a "regarded as" claim, perceived as unable to do so. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 491, 144 L. Ed. 2d 450, 119 S. Ct. 2139 (1999); Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 521, 119 S. Ct. 2133, 144 L. Ed. 2d 484 (1999).[3] Otherwise stated, "to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job." Murphy, 527 U.S. at 523; 29 C.F.R. § 1630.2(j)(3)(I). Being regarded as unsuitable to be a police officer does not implicate a class or broad range of jobs, and therefore is insufficient to support a "working" claim under the ADA. E.g., Rossbach v. City of Miami, 371 F.3d 1354, 1361-62 (11th Cir. 2004) (collecting cases); Daley v. Koch, 892 F.2d 212, 215 (2d Cir. 1989) ("Being declared unsuitable for the particular position of police officer is not a substantial limitation of a major life activity").

In this case, Plaintiff does not allege that he was perceived as unable to work in a broad class of jobs. Instead, he alleges that after Plaintiff spoke to the media on one occasion, his Police Chief told him that his behavior led her to believe that he had a mental disability. She then ordered him to undergo a mental evaluation. The evaluation resulted in a recommendation that Plaintiff was "not safe for him to work as a police officer." Plaintiff, who denies any impairment, asked whether he could work a light duty position. Defendant, however, told him that "there was no light duty for police officers," and informed him that he would be terminated due to his mental disability.

Taking all inferences in Plaintiff's favor, the facts pleaded do not permit the conclusion that Defendant regarded Plaintiff as disqualified from any job other than that of police officer. The Complaint does not suggest that Defendant regarded Plaintiff as disabled from a class or range of jobs, and therefore the facts do not state a claim under the ADA. Additionally, merely

---

[3] ADA Amendments Act, which went into effect on January 1, 2009, altered definitions of "disability." The amendments, however, do not apply retroactively, and pre-amendment standards apply to this case. Amorosi v. Molino, No. 6-5524, 2009 U.S. Dist. LEXIS 23756 (E.D. Pa. Mar. 19, 2009); Fournier v. Payco Foods Corp., 611 F. Supp. 2d 120, 129 n. 9 (D.P.R. 2009).

because Plaintiff's claim relies on Defendant's subjective state is not sufficient reason to permit the claim to go forward. Plaintiff must plead the required factual basis for the claim.

Moreover, "[d]istrict courts may decline to exercise supplemental jurisdiction when all federal claims have been dismissed." Goodmann v. Hasbrouck Heights Sch. Dist., 275 Fed. Appx. 105 (3d Cir. 2008). The claims remaining in Plaintiff's Complaint, for violation of the PHRA and breach of contract, are grounded in state law. Given that I have dismissed the federal claims over which I had original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The dismissal, however, will be without prejudice to Plaintiff's ability to refile those claims in state court.[4]

## CONCLUSION

In sum, Plaintiff's Complaint fails to state a claim under the ADA. He has failed to allege facts sufficient to support a perceived limitation of the major life activity of working, within the meaning of the ADA, which must be broader than working as a police officer. I decline to exercise supplemental jurisdiction over Plaintiff's remaining claims. Accordingly, I will dismiss Plaintiff's Complaint. Plaintiff may file an amended complaint to cure the enumerated defect, or refile his claims in state court.

An appropriate Order follows.

## ORDER

AND NOW, this 21st day of July, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss (Docket No. 2) is GRANTED, and Plaintiff's Complaint is dismissed, without prejudice to Plaintiff to refile his claims in state court. In addition, Plaintiff may file an amended complaint in this Court, in order to cure the defects enumerated in the body of the Opinion, within seven (7) days from the date of this Order.

---

[4] Of course, if Plaintiff timely files an amended complaint to sure the defects in his complaint, he may replead his state law claims therein.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Chief Judge, U.S. District Court