IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CARRAWAY, ) | |
| ) | C.A. 9-372 |
| Plaintiff, ) | |
| ) | |
| BOROUGH OF WILKINSBURG, ) | |
| ) | |
| Defendant. | |

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Defendant claims that his employment was terminated because he was regarded as mentally disabled. Previously, I dismissed Plaintiff's Complaint without prejudice, on grounds that Plaintiff had failed to sufficiently plead that he was regarded as disabled from a broad class of jobs, as opposed to from the single job of police officer. Plaintiff has filed an Amended Complaint, and Defendant has filed a Motion to Dismiss Counts I and II of the Amended Complaint, which assert claims under the ADA and PHRA, as well as Plaintiff's claims for punitive and declaratory relief.[1]

For the following reasons, the Motion will be denied in part and granted in part.

### I. Applicable Standards

To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft

---

[1] As Plaintiff points out, our Court of Appeals has not yet determined whether the pertinent ADA amendments apply retroactively. Other Courts of Appeal, however, have found that they do not. E.g., Milholland v. Sumner County Bd. of Educ., 569 F.3d 562

v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff.  Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988).  In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer."  Id. at 666.  Complaints "need not plead law or match facts to every element of a legal theory."  Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).  Plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of his cause of action.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

II. "Regarded as" Claim under the ADA and PHRA

I first address Defendant's argument that Plaintiff has not sufficiently pleaded that he was regarded as being disabled from working "either a class of jobs or a broad range of jobs," as required by statute. See 29 C.F.R. § 1630.2(j)(3)(I). The EEOC's regulations define a "class of jobs" as "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(B).  A "broad range of jobs" is similarly defined, although it refers to jobs "not utilizing" similar training, knowledge, skills, or abilities. Id. at § 1630.2(j)(3)(ii)(C).  In either event, in order to prevail on

this type of claim, a plaintiff must be regarded as precluded from more than a particular job.  Murphy v. UPS, 527 U.S. 516,  119 S. Ct. 2133, 144 L. Ed. 2d 484 (U.S. 1999).  The question of whether an individual is substantially limited in a major life activity is a question of fact.  Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 763 (3d Cir. Pa. 2004).

Plaintiff's Amended Complaint contains several averments that did not appear in his initial Complaint; taken together, the totality of his Amended Complaint is sufficient under these principles.  For example, in his Amended Complaint, Plaintiff alleges that Defendant represented to the EEOC that Plaintiff was not able to "continue in a role with the Wilkinsburg Police Department." Contrary to Defendant's assertion, this is not a recitation of the EEOC's conclusion, but of Defendant's proffer.  Plaintiff further alleges that he was refused access to Defendant's light-duty policy, which included office-type work,[2] and that Defendant instructed Plaintiff that he was no longer authorized to use a firearm.[3]

Plaintiff's Amended Complaint is sufficient to raise an inference that Defendant regarded Plaintiff, by virtue of mental disability, as unable to perform

---

[2]Previously, the Complaint  stated that Plaintiff was told that there was no light duty for police officers, and that others had performed light duty for "physical limitations" in the past.

[3]The parties address Wiliams v. Philadelphia Housing Auth. Police Dep't, 380 F.3d 751 (3d Cir. 2004). In Williams, the Court indicated that a Plaintiff who was unable to carry a firearm stated a claim that he was substantially limited in the major life activity of working, because he was precluded from performing the "class of jobs" represented by law enforcement.  The Court's analysis fell under a claim of actual disability rather than "regarded as."  Under applicable regulations, however, disability is a "physical or mental impairment that substantially limits one or more of the major life activities of such individual;... or being regarded as having such an impairment." 29 C.F.R. 1630.2 (emphasis added).  In other words, "regarded as" relies upon the same definitions as actual disability, so Williams' analysis is persuasive in this context.

jobs within the department, or similar jobs in law enforcement, or other jobs, including office work.  I find that Plaintiff's Amended Complaint states sufficient facts, under liberal pleading standards, to "nudge ... [his] claims across the line from conceivable to plausible."  Twombly, 127 S.Ct. at 1969.   He has raised the required reasonable inference entitling him to proceed with discovery.  The Motion will be denied on those grounds.

### III. Punitive and Declaratory Relief

Defendant, separately and in the alternative, moves to dismiss Plaintiff's claims for punitive and declaratory relief under the ADA and PHRA.  Plaintiff has failed to respond to Defendant's Motion regarding those claims.  The Court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." Lipton v. County of Orange, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); see also Uhl v. County of Allegheny, No. 06-01058, 2008 U.S. Dist. LEXIS 55587, at **30-31 (W.D.Pa. July 22, 2008). In addition, neither the ADA nor the PHRA permits punitive damages against a municipal entity, and Plaintiff does not argue otherwise.  Scott v. Greater Phila. Health Action, Inc., No. 08-2617, 2008 U.S. Dist. LEXIS 67774, at **10-11 (E.D. Pa. Sept. 5, 2008); Taylor v. Phoenixville Sch. Dist., 113 F. Supp. 2d 770, 777 (E.D. Pa. 2000).  For these reasons,  I will grant Defendant's Motion to that extent.

### ORDER

AND NOW, this 11th day of September, 2009, Defendant's Motion to Dismiss (Docket No. 11) is hereby DENIED in part and GRANTED in part.  Plaintiff's claims for punitive and declaratory relief under the ADA and PHRA are dismissed.  The

remainder of the Motion is denied.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court